UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 14-302 (DWF/LIB)

          Plaintiff,

v.                                                                              ORDER ADOPTING REPORT
                                                                      AND RECOMMENDATION

Mark Anthony Thompson,

          Defendant.

     This matter is before the Court upon Defendant Mark Anthony Thompson's ("Defendant") objections (Doc. No. 39) to Magistrate Judge Leo I. Brisbois's November 26, 2014 Report and Recommendation ("R&R") (Doc. No. 38) insofar as it recommends that Defendant's Motion to Suppress Statements be denied. The Government filed a response to Defendant's objections on December 29, 2014. (Doc. No. 44.)

     The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

     In the R&R, the Magistrate Judge recommended denying Defendant's Motion to Suppress Statements with respect to the following three statements:  (1) Defendant's statement giving a false name; (2) Defendant's statement made when requesting a

cigarette that he is "going away for a long time"; and (3) Defendant's statements made during an interview at the Bemidji FBI office. (*See generally* Doc. No. 38.) With respect to the first statement, the Magistrate Judge concluded that Defendant's name was only sought as basic identifying information and was not the product of interrogation for the purposes of *Miranda*. (*Id.* at 9-10.) With respect to the second statement, the Magistrate Judge concluded that Defendant's statement was not the result of interrogation because his statement was not made in response to any express questioning and the officer's physical control of Defendant would not have elicited an incriminating response from Defendant. (*Id.* at 10-12.) Finally, with respect to the FBI office interview, the Magistrate Judge concluded that Defendant's statements were voluntary despite his intoxication because the officers did not engage in coercive tactics and Defendant exhibited coherence in a way that showed his will was not overborne. (*Id.* at 12-16.) Further, the Magistrate Judge found that Defendant's waiver of his *Miranda* rights was knowing and intelligent at the FBI office interview because he exhibited significant coherence and presence of mind. (*Id.* at 16-17.)

Defendant objects on three grounds. First, Defendant argues that the Court erroneously put the burden on Defendant to prove that the waiver of his constitutional rights was involuntary. (Doc. No. 39 at 1-3.) Specifically, Defendant argues that after the Magistrate Judge found Defendant was intoxicated, the Magistrate Judge stated that Defendant failed to produce evidence that the officers engaged in specific coercive

tactics, which wrongly placed the burden on Defendant.  (*Id.* at 1-2.)  Defendant also asserts that he was under the influence of drugs, which shows his waiver was involuntary.  (*Id.* at 2.)  Second, Defendant argues that the Court drew improper inferences from Defendant's refusal to answer questions.  (*Id*. at 3.)  Defendant argues this is a constitutionally untenable position because "if he spoke, he risked waiving his right to remain silent; if he remained silent, he risked that his silence would be seized upon as evidence of his ability to waive his constitutional rights."  (*Id*.)  Finally, Defendant asserts that the Court incorrectly limited the scope of Defendant's motion to suppress because Defendant also intended to suppress any statement Defendant made during transport.  (Doc. No. 39 at 4.)

      The Court concludes that Defendant's objections offer no basis for departure from the Magistrate Judge's recommendation.  The Magistrate Judge fully reviewed the totality of the circumstances contained in the evidence presented and points to a number of pieces of evidence supporting the conclusion that Defendant voluntarily waived his rights.  The Magistrate Judge also employed the proper legal framework in his analysis when evaluating the totality of the circumstances.

      Further, with respect to Defendant's argument that the Magistrate Judge failed to address the suppression of statements made during transport, the government states that it does not intend to present any such statements.  (Doc. No. 44 at 5.)  Thus, the Magistrate Judge did not improperly limit the scope of Defendant's Motion to Suppress.

In sum, the Magistrate Judge did not erroneously shift the burden to Defendant, did not draw improper inferences, and did not improperly limit the scope of Defendant's Motion to Suppress.   Defendant's objections are overruled and the Court adopts the R&R in its entirety.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Defendant Mark Anthony Thompson's objections (Doc. No. [39]) to Magistrate Judge Leo I. Brisbois's November 26, 2014 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's Report and Recommendation (Doc. No. [38]) is **ADOPTED**.

3. Defendant Mark Anthony Thompson's Motion to Suppress Statements (Doc. No. [23]) is **DENIED**.

Dated:   January 12, 2015        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge