UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

                               **MEMORANDUM OPINION
                               AND ORDER**
v.                                          Crim. No. 14-302 (MJD)

Mark Anthony Thompson,

      Defendant/Petitioner.

_____

      Deidre Aanstad, Assistant United States Attorney, Counsel for Respondent.

      Sarah R. Weinman, Assistant Federal Defender, Counsel for Petitioner.

_____

      This matter is before the Court upon Petitioner's motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.   (Doc. No. 103)

**I.   Background**

      On May 4, 2015, Petitioner pleaded guilty to Counts 1 and 2 of the Information which charged Voluntary Manslaughter in violation of 18 U.S.C. §§ 1112, 1151 and 1152, and Discharging a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).   On December 1, 2015, Petitioner was

1

sentenced to 190 months in prison as follows: 70 months on Count 1 and 120 months on Count 2 to be served consecutively, followed by three years supervised release on both Counts to be served concurrently.   Because Petitioner did not file a direct appeal, judgment became final on December 15, 2015.

Now before the Court is Petitioner's motion to vacate his conviction and sentence under Count 2 pursuant to 28 U.S.C. § 2255.

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."   28 U.S.C. § 2255(a).   Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).   It is not intended to be a substitute for appeal or to relitigate matters decided on appeal.   See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-

2

47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

### III.   Analysis

There is a one year period during which a motion may be filed under Section 2255.   28 U.S.C. § 2255(f).   This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence.   Id.

Petitioner asserts his motion is timely under § 2255(f)(3), because the basis for his motion is the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019) and because his motion was filed within one year of the date that decision was filed.

In Davis, the Supreme Court held that the residual clause definition of crime of violence, set forth in § 924(c)(3)(B), is unconstitutionally vague.   139 S. Ct. at 2336.

Section 924(c)(1)(A)(iii) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

\*   \*   \*

**(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The statute then defines "crime of violence" as:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A).   Subsection A is referred to as the "force clause" and Subsection B is referred to as the "residual clause."

In this case, Petitioner admitted to committing voluntary manslaughter when he killed L.A.B. "upon a sudden quarrel or heat of passion" in violation of 18 U.S.C. § 1112.   Petitioner further admitted that he discharged a firearm during and in relation to committing voluntary manslaughter in violation of 18 U.S.C. § 924(c)(1)(A)(iii).   Petitioner argues that based on <u>Davis</u>, voluntary manslaughter cannot serve as a qualifying offense under the residual clause, and that such crime should not be considered a qualifying offense under the use of force clause.

"Voluntary manslaughter occurs when a defendant acts upon a sudden quarrel or heat of passion, and with a mental state constituting 'a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness.'"

5

McCoy v. United States, 960 F.3d 487, 489 (8th Cir. 2020).   Relying on Voisine v. United States, 136 S. Ct. 2272 (2016) and United States v. Fogg, 836 F.3d 951, 954 (8th Cir. 2016), the Eighth Circuit held "that voluntary manslaughter qualifies as a crime of violence under § 924(c)(3)(A)."   Id. at 490.

Petitioner acknowledges the holding in McCoy but notes that Judge Kelly wrote in her concurring opinion that "whether a reckless mens rea is sufficient for purposes of § 924(c)(3)(A) is a question deserving of a more thorough analysis that we have thus far provided."   Id. at 491.   Petitioner further asserts that the Supreme Court has granted certiorari in Borden v. United States, No. 19-5410, 140 S.Ct. 1262 (2020)[1] to address the issue of whether the use of force clause in the Armed Career Criminal Act encompasses crimes with a mens rea of mere recklessness.   Thus, Petitioner asserts he has filed this motion to preserve the issue for further review.

It is the government's position that Petitioner cannot rely on Davis to assert the claim that his § 924(c) conviction must be vacated, because at this time,

---

[1] At issue in Borden is whether reckless aggravated assault under Tennessee law should qualify as a crime of violence under the force clause.   This case is set for oral argument on November 3, 2020.

6

controlling precedent provides that voluntary manslaughter is a crime of violence under the use of force clause as set forth in McCoy.  Because the rule in Davis is not implicated in Petitioner's conviction and sentence, § 2255(f)(3) is not triggered and the current motion is untimely.

Absent an intervening decision by the Supreme Court or the Eighth Circuit sitting en banc, Young v. Hayes, 218 F.3d 850, 853 (8th Cir. 2000), McCoy is controlling authority in the Eighth Circuit and voluntary manslaughter is a crime of violence under the force clause as set forth in § 924(c)(3)(A).

However, the Supreme Court is set to address the issue of whether the "use of force" clause in the Armed Career Criminal Act encompasses crimes with a mens rea of mere recklessness in Borden.  Because that decision may impact the merits of Petitioner's motion, including whether the motion is timely, the Court will stay this petition pending the Supreme Court's decision in Borden.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 103] is **STAYED** pending the Supreme Court's decision in <u>Borden v. United States</u>, No. 19-5410, 140 S.Ct. 1262 (2020).

Date:   September 29, 2020          s/ Michael J. Davis
                                                                                 Michael J. Davis
                                                                                 United States District Court