UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff/Respondent,

                                    **MEMORANDUM OPINION**
                                         **AND ORDER**

v.                                   Crim. No. 14-302 (MJD)

Mark Anthony Thompson,

       Defendant/Petitioner.

_____

       Deidre Aanstad, Assistant United States Attorney, Counsel for
Respondent.

       Sarah R. Weinman, Assistant Federal Defender, Counsel for Petitioner.

_____

       This matter is before the Court upon Petitioner's motion to Vacate, Set

Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.   (Doc. No. 103)

## I.    Background

       On September 16, 2014, Petitioner was charged by Indictment on four

counts: Count 1, First Degree Murder in violation of 18 U.S.C. §§ 1111, 1151 and

1153(a); Count 2 Murder in the Second Degree in violation of 18 U.S.C. §§ 1111,

1151 and 1153(a); Count 3, Robbery in violation of 18 U.S.C. §§ 1151, 1153(a) and

2111; and Count 4, Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

On May 4, 2015, Petitioner entered into a Plea Agreement in which he agreed to plead guilty to Counts 1 and 2 of the Information which charged Voluntary Manslaughter in violation of 18 U.S.C. §§ 1112, 1151 and 1152, and Discharging a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).   (Doc. Nos. 75 and 78.)

On December 1, 2015, Petitioner was sentenced to 190 months in prison: 70 months on Count 1 and 120 months on Count 2 to be served consecutively, followed by three years supervised release on both Counts to be served concurrently.   Petitioner did not appeal his conviction or sentence.

Now before the Court is Petitioner's motion to vacate his conviction and sentence under Count 2 pursuant to 28 U.S.C. § 2255.

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence . . . or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set

aside or correct the sentence."   28 U.S.C. § 2255(a).   Section 2255 is intended to

provide federal prisoners a remedy for jurisdictional or constitutional errors.

Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).   It is not intended to

be a substitute for appeal or to relitigate matters decided on appeal.   See Bousley

v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-

47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of
> constitutional rights and for a narrow range of injuries that could
> not have been raised on direct appeal and, if uncorrected, would
> result in a complete miscarriage of justice.   A movant may not raise
> constitutional issues for the first time on collateral review without
> establishing both cause for the procedural default and actual
> prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

## III.   Analysis

In this case, Petitioner admitted to committing voluntary manslaughter

when he shot and killed L.A.B. "upon a sudden quarrel or heat of passion" in

violation of 18 U.S.C. § 1112. (Doc. No. 78 (Plea Agreement).)   During his change

3

of plea hearing, Petitioner admitted, under oath, that he was in a vehicle with

L.A.B. trying to trade methamphetamine for heroin.   When L.A.B. refused, they

began to argue, and when the argument spilled out onto the driveway, Petitioner

pulled out a handgun and fired the gun at L.A.B.   L.A.B. was hit in the leg,

specifically his femoral artery, and he bled to death.

Petitioner further admitted that he discharged a firearm during and in

relation to committing voluntary manslaughter in violation of 18 U.S.C. §

924(c)(1)(A)(iii). (Id.)

Section 924(c)(1)(A)(iii), provides:

Except to the extent that a greater minimum sentence is otherwise
provided by this subsection or by any other provision of law, any
person who, during and in relation to any crime of violence or drug
trafficking crime (including a crime of violence or drug trafficking
crime that provides for an enhanced punishment if committed by
the use of a deadly or dangerous weapon or device) for which the
person may be prosecuted in a court of the United States, uses or
carries a firearm, or who, in furtherance of any such crime, possesses
a firearm, shall, in addition to the punishment provided for such
crime of violence or drug trafficking crime—

*   *   *

**(iii)** if the firearm is discharged, be sentenced to a term of
imprisonment of not less than 10 years.

The statute then defines "crime of violence" as:

4

> For purposes of this subsection the term "crime of violence" means
> an offense that is a felony and—
>
> > **(A)** has as an element the use, attempted use, or threatened
> > use of physical force against the person or property of
> > another, or
> > **(B)** that by its nature, involves a substantial risk that physical
> > force against the person or property of another may be used in
> > the course of committing the offense.

18 U.S.C. § 924(c)(3)(A).   Subsection A is referred to as the "force clause" and

Subsection B is referred to as the "residual clause."

Petitioner filed the instant habeas petition following the Supreme Court's

decision in United States v. Davis, which held that the residual clause set forth in

§ 924(c)(3)(B) is unconstitutionally vague.   Id. 139 S. Ct. 2319, 2336 (2019).

Petitioner argues that as the residual clause has been invalidated, his conviction

for voluntary manslaughter would have to fall within the force clause to qualify

as a crime of violence for purposes of his conviction on Count 2.   Because the

minimum required mental state for voluntary manslaughter is recklessness, and

because the Supreme Court has recently held in Borden v. United States, 141 S. Ct.

1817 (2021) that the similarly worded force clause in the ACCA does not include

crimes with a *mens rea* of mere recklessness, Petitioner argues his conviction

under Count 2 must be vacated. For the reasons that follow, <u>Borden</u> is not the controlling precedent with respect to the facts of this case.

Prior to <u>Borden</u>, the Eighth Circuit held that federal voluntary manslaughter, as defined in 18 U.S.C. § 1112, falls with the definition of crime of violence under § 924(c)(3)(A).   <u>McCoy v. United States</u>, 960 F.3d 487, 489 (8th Cir. 2020) <u>cert. denied</u>, 141 S. Ct. 2819 (June 21, 2021).   First, the court noted that "[v]oluntary manslaughter occurs when a defendant acts upon a sudden quarrel or heat of passion, and with a mental state constituting 'a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness.'"   <u>Id.</u> (quoting <u>United States v. Serawop</u>, 410 F.3d 656, 663 (10th Cir. 2005)).   The court rejected the argument that voluntary manslaughter does not qualify as a crime of violence within the force clause because the minimum mental state required for that crime is recklessness.   <u>Id.</u> (citing <u>Voisine v. United States</u> 136 S. Ct. 2272, 2280 (2016) and <u>United States v. Fogg</u>, 836 F.3d 951, 956 (8th Cir. 2016)).

> In <u>Voisine v. United States</u>, the Supreme Court concluded that reckless domestic assault qualifies as a "misdemeanor crime of violence" under 18 U.S.C. § 921(a)(33)(A)(ii) because it requires a "use ... of physical force" committed by a person in certain domestic relationships with the victim. The Court ruled that reckless conduct "use[s] force, no less than one who carries out that same action knowingly or intentionally."   Applying

> <u>Voisine</u>, we held in <u>United States v. Fogg</u> that a reckless drive-by shooting
> involved the "use ... of physical force against the person of another" under
> § 924(e)(2)(B)(i), and thus qualified as a violent felony under the Armed
> Career Criminal Act.   There is no material difference between the force
> clause at issue in <u>Fogg</u> and the force clause under § 924(c)(3)(A).   We
> therefore conclude that voluntary manslaughter qualifies as a crime of
> violence under § 924(c)(3)(A).

<u>Id.</u> (cleaned up).

In <u>Borden</u>, a plurality[1] of the Supreme Court held that offenses with a *mens rea* of recklessness do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA").   141 S. Ct. at 1834.   The plurality made clear, however, that its decision did not address the mental states of depraved heart recklessness or extreme recklessness.   <u>Id.</u> at 1825 n.4 ("Some States recognize mental states (often called "depraved heart" or "extreme recklessness") between recklessness and knowledge.   We have no occasion to address whether offenses with those mental states fall within the elements clause.")

As set forth above, the crime of voluntary manslaughter under 18 U.S.C § 1112 "occurs when a defendant acts upon a sudden quarrel or heat of passion, and with a mental state constituting 'a general intent to kill, intent to do serious

---

[1] Justice Thomas concurred in the judgment, and four justices dissented.

bodily injury, or with depraved heart recklessness." McCoy, 960 F.3d at 489.

Therefore, Borden does not answer the question here – whether federal voluntary

manslaughter is a crime of violence under § 924(c)(3)(A).

Petitioner acknowledges that Borden did not address whether "depraved

heart recklessness" fell within the ACCA's definition of "violent felony" but

nonetheless argues that Borden impliedly overruled McCoy because one of the

cases upon which McCoy relied, Fogg, was abrogated by Borden. First, both

Borden and Fogg involved the ACCA and predicate offenses with a *mens rea* of

mere recklessness. This case does not involve the ACCA and the predicate

offense at issue has a minimum *mens rea* of depraved heart recklessness, which is

consistently distinguished from ordinary recklessness and is regarded as

involving a heightened recklessness that approaches knowledge. See United

States v. Baez-Martinez, 950 F.3d 119, 126, 127 (1st Cir. 2020) cert. denied, 141 S.

Ct. 2805 (June 21, 2021) rehearing denied, (August 23, 2021).

Second, the McCoy decision also relied on the Supreme Court decision in

Voisine, which was not overruled or abrogated by Borden. Finally, after issuing

the decision in Borden, the Supreme Court denied certiorari in McCoy. See Id.,

141 S. Ct. 2819 (June 21, 2021).   Thus, <u>McCoy</u> remains controlling law in the

Eighth Circuit until the Eighth Circuit or the Supreme Court rules otherwise.

Because <u>McCoy</u> holds that the federal crime of voluntary manslaughter is a

crime of violence as defined in 18 U.S.C. § 924(c)(3)(A), Petitioner has not

demonstrated he is entitled to relief.   <u>Id.</u> 960 F.3d at 488.   <u>See</u> <u>Baez-Martinez</u>, 950

F.3d 119 (recognizing that depraved heart recklessness has consistently been

distinguished from ordinary recklessness, and finding that second degree

murder, even though it can be committed with depraved heart recklessness, is a

violent felony under the ACCA); <u>see also</u> <u>Serawop</u> 410 F.3d at 665, 666 (finding

that both second degree murder and voluntary manslaughter involve the same

mental states – "either a general intent to kill, intent to do serious bodily injury, or

with depraved heart recklessness" and that the only difference between second

degree murder and voluntary manslaughter is that voluntary manslaughter is

committed in the heat of passion, which negates the malice that would otherwise

attach); <u>United States v. Jenkins</u>, Crim. No. DKC 12-0043, 2021 WL 5140198 (D.

Md Nov. 4, 2021) (finding that based on the Supreme Court's clear reservation of

the question whether depraved heart murder qualifies as a violent felony,

9

petitioner did not prove his sentence was imposed in violation of the law); <u>Little v. United States</u>, 3:95-cr-105-MOC-1, 2021 WL 4494628 (W.D.N.C. Sep. 30, 2021) (finding petitioner's reliance on <u>Borden</u> misplaced as the Supreme Court expressly declined to address "depraved heart" or "extreme recklessness" and that because murder conviction required a *mens rea* exceeding ordinary recklessness such conviction satisfied the force clause).

## IV.    Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).   With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   <u>Id.</u>

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Petitioner's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 103] is DENIED.

2.      No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:   January 14, 2022                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court